Rajinder KUMAR, Petitioner,

v.

Mark R. FILIP *, Acting Attorney General, Respondent.

Rajinder Kumar, Petitioner,

v.

Mark R. Filip *, Acting Attorney General, Respondent.

* Mark R. Filip is substituted for his predecessor, Michael B. Mukasey, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Rajinder Kumar, Petitioner,

v.

Mark R. Filip *, Acting Attorney
General, Respondent.

Nos. 04–72201, 05–75325, 05–77308.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2009.

Filed Jan. 26, 2009.

Howard R. Davis, Esq., Van Nuys, CA,
for Petitioner.

Before: TROTT, KLEINFELD and
IKUTA, Circuit Judges.

### MEMORANDUM **

The IJ determined that Kumar failed to carry his burden of proving his entitlement to asylum based on her finding that Kumar was not credible. This determination was supported by substantial evidence. The IJ identified specific inconsistencies in Kumar's testimony regarding which brother was killed and which brother informed the police about the location of the terrorist leader, issues that went to the heart of Kumar's asylum claim. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005). Because substantial evidence in the record supports at least one of the IJ's grounds for her adverse credibility determination, and the non-credible testimony goes to the heart of Kumar's asylum claim, we uphold the BIA's and IJ's denial of asylum. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). Although Kumar con-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tends that his testimony is not internally inconsistent, but merely unclear, "[t]o reverse the BIA finding we must find that the evidence not only *supports* [the contrary] conclusion, but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphases in original). Kumar's vague and confusing testimony does not compel a conclusion that the IJ erred.

▮ Nor did the BIA abuse its discretion when it denied Kumar's second motion to reopen as time– and number–barred. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003). The BIA held that Kumar's failure to discuss the ineffective assistance of his prior counsel with his new counsel indicated a lack of due diligence. Therefore he was not entitled to equitable tolling of the time to file a motion to reopen, nor was he entitled to a waiver of the numeric limit. The BIA's denial based on these grounds was not an abuse of discretion. *See id.* For the same reason, the BIA did not err in denying Kumar's subsequent motion to reconsider that denial.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.